UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PIPEFITTERS LOCAL 636 DEFINED
BENEFIT PENSION FUND, PIPEFITTERS
LOCAL 636 DEFINED CONTRIBUTION
FUND, PIPEFITTERS 636 INSURANCE
FUND, PIPEFITTERS LOCAL 636                    Case No. 04-74487
DEFINED CONTRIBUTION
RETIREMENT TRUST & PLAN,                       Honorable Patrick J. Duggan
PIPEFITTERS LOCAL 636
SUPPLEMENTAL UNEMPLOYMENT
BENEFIT FUND, VACATION &
HOLIDAY FUND, RETIREE AND
WIDOW BENEFIT FUND, PIPEFITTERS
LOCAL 636 JOINT APPRENTICESHIP
COMMITTEE and JOINT
ADMINISTRATIVE COMMITTEE OF
THE PLUMBING & PIPEFITTING
INDUSTRY IN THE DETROIT AREA, and
ED LESTER, HANK KOSKI, CHARLES
NELSON, CHRIS ROCKSTAD, JOHN
LAPHAM, LARRY METHOT, MARK
MORELLI, DONALD WHEELER, CRAIG
K. MORTZ JR., and TOM WILCOX,
Individually,

        Plaintiffs,

v.

MORTZ BROS. CORPORATION, a
Michigan Corporation, MECHANICAL
SERVICES, LLC, a Michigan Limited
Liability Company, CRAIG K. MORTZ,
BRADFORD K. MORTZ, and BRIAN K.
MORTZ, Individuals,

        Defendants.

_____/

**OPINION AND ORDER**
**GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST**
**DEFENDANT MORTZ BROS. CORPORATION**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on December 19,2005.

PRESENT:         THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

On November 17, 2004, Plaintiffs filed suit against Defendants Mortz Bros.
Corporation, Mechanical Services LLC, Craig K. Mortz, Bradford K. Mortz, and Brian K.
Mortz, seeking the recovery of delinquent fringe benefits.  Plaintiffs have dismissed
Defendants Mechanical Services, LLC and Brian K. Mortz from this case.  Presently before
the Court is Plaintiffs' Motion for Summary Judgment Against Defendant Mortz Bros.
Corporation, filed on October 28, 2005.  Defendant Mortz Bros. Corporation has not filed
a response to Plaintiffs' Motion.  For the reasons set forth below, Plaintiffs' Motion shall be
granted.

I.      **Background**

Plaintiffs are trustees of various employee benefit trust funds and individual employees
of Mortz Bros. Corporation.  Plaintiffs contend that Defendant Mortz Bros. Corporation is
obligated to make monthly fringe benefit contributions pursuant to a collective bargaining
agreement between the parties.  (*See* Pls.' Mot. Exs. A and B, Collective Bargaining
Agreement).  According to Plaintiffs, an audit in July 2005 revealed that Defendant owed
$39,842.60 in unpaid contributions and $3,984.26 in liquidated damages for the month of
September 2004.  (Pls.' Mot. Ex. C).

2

According to Defendant Mortz Bros. Corporation, the funds sought by Plaintiffs are no longer its property because all of its funds, accounts, and assets have been seized by Mortz Bros. Corporation's secured creditor, Comerica Bank. (Answer at ¶2; Affirmative Defenses at ¶1).

## II.    Standard of Review

This Court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The moving party bears the burden of informing this Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial. FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53. It is not enough that the nonmoving party comes forward with the "mere existence of a scintilla of evidence . . . ," *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, or some "metaphysical doubt as to the material facts." *Matsishita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). Rather, the nonmoving party must present

significant probative evidence in support of its opposition to the motion for summary judgment. *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

## III.  Discussion

The Employee Retirement Income Security Act (ERISA) provides, in part: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargaining agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.

Moreover, 29 U.S.C. § 1132(g)(2) sets forth the statutory damages available to a fund fiduciary suing to collect unpaid contributions:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of–
>
>> (i)     interest on the unpaid contributions, or
>>
>> (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A).
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

4

In their Motion, Plaintiffs seek a judgment in the amount of $43,826.86: $39,842.60 in delinquent benefits, plus $3,984.26 in liquidated damages.  Plaintiffs also ask the Court to award interest, penalties, costs and attorney fees pursuant to 29 U.S.C. § 1132(g)(2) upon further submissions to the Court.

There are no genuine issues of material fact with respect to Defendant Mortz Bros. Corporation's liability for delinquent payments under the collective bargaining agreement. Defendant Mortz Bros. Corporation's contribution form shows unpaid contributions for the month of September 2004 in the amount of $39,842.60 and liquidated damages in the amount of $3,984.26.  (Pls.' Mot. Ex. C).

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Summary Judgment Against Defendant Mortz Bros. Corporation is **GRANTED**.


                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Michael J. Asher, Esq.
Thomas C. Nemes, Esq.
Frank T. Mamat, Esq.